## DUNHAM v. MOLLOY.

*Charge to jury—Special instructions after parties rest—Not for consideration by jury after case reopened—Negligence—Exercise of care by child.*

1. Where both plaintiff and defendant rest their case at the close of plaintiff's evidence and the court then gives a special charge to the jury, after which the case is argued by counsel, such special charge is not before the jury when the case is finally submitted, where the case, after the argument by counsel, is reopened and evidence offered by both plaintiff and defendant, at the close of which both sides again rest and the court charges the jury.

2. A charge of court, in an action for negligence, which states that the plaintiff, a child fourteen years of age or under, was himself bound to exercise ordinary care, is erroneous where it does not contain the statement that ordinary care in his case is the care which a child of like years, judgment and experience would exercise.

(Decided February 27, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Edward H. Jones* and *Messrs. Jones & Jones,* for plaintiff in error.

*Messrs. Clore, Schwab & McCaslin,* for defendant in error.

CUSHING, J. Addison G. Dunham brought an action against James J. Molloy to recover on a claim for damages growing out of an accident that happened on the east side of Hawthorne avenue in the city of Cincinnati, resulting in the injury of his daughter.

Plaintiff claims that the damage was caused by the negligence of the defendant, and that he was

compelled to pay hospital bills, for medical services and nursing. He also claims damages for the loss of the services of his daughter. The amount claimed is $2,540.

The jury returned a verdict for the defendant, and plaintiff now seeks to reverse that judgment.

As some question is presented by the record, we call attention to the fact that the record is out of the ordinary. When plaintiff rested the defendant moved the court to instruct a verdict for the defendant. That motion was overruled. Defendant rested his case, and requested the court to give special charge No. 1, as follows:

"If Elizabeth Dunham at the time of the accident was guilty of negligence which directly contributed in the slightest degree to her injuries, plaintiff cannot recover."

The court gave the charge and plaintiff excepted. The case was then argued by counsel. After argument, on its own motion, the court excused the jury, and called attention of counsel for plaintiff to the fact that he had not offered any evidence tending to establish the ownership of the automobile, nor the agency of the driver. On the motion of plaintiff, he was permitted to reopen the case. He offered evidence on the questions stated. Defendant offered a number of witnesses, whose testimony covered about fifty pages and tended to establish that neither the defendant nor his agent was guilty of negligence. At the close of this testimony, both sides again rested. There was no request that the court give any special charges at the conclusion of the evidence. Both sides waived argument. The court charged the jury. It returned a verdict for the defendant.

Query: Was the special charge requested at the first closing of the case, before it was reopened, before the jury when the case was finally submitted to it?

Section 11447, General Code, subdivision 5, reads:

"When the evidence is concluded, either party may present written instructions to the court on matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

Whether special or general, a charge to the jury must have reference to the facts developed in the testimony. It not infrequently happens that the testimony of a defendant develops a state of facts different from that shown at the close of plaintiff's case. Therefore, the statutory provision that special charges shall be given when the evidence is *concluded* is mandatory, in order that all charges shall be based on the facts and given for the purpose of applying the law to those facts. On the record we hold that the special charge in question was not before the jury when the case was submitted, in such a way as to predicate error thereon.

However, the special charge presented was clearly erroneous, but the court, at page 152 of the record, charged:

"As I have previously stated, the daughter of the plaintiff was herself bound to exercise ordinary care, ordinary care in her case being that degree of care which a child of like years, judgment, and experience would exercise."

The special charge omitted the elements of age and experience of the child. Plaintiff bases his claim on the case of *Chesrown* v. *Bevier,* 101 Ohio

St., 282. In that case, both parties were adults. The rule of ordinary care applicable to a child fourteen years of age, or under, should always contain a statement charging that person with the care which a child of like years, judgment and experience would exercise.

On the record, we find that the evidence is conflicting, that the general charge of the court on the question of the child's responsibility correctly stated the law, and that the judgment of the court below should be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.